United States District Court
Southern District of Texas
**ENTERED**
January 04, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUSTIN QUINTEL WHALEY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION No. H-16-2271 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner, a state inmate proceeding *pro se*, filed this section 2254 habeas petition challenging his guilty plea conviction and twelve-year sentence for engaging in organized criminal activity. Respondent filed a motion for summary judgment (Docket Entry No. 11) and served petitioner a copy at his address of record. Despite expiration of a reasonable period of time in excess of sixty days, petitioner has failed to respond to the motion for summary judgment, and the motion is uncontested.

### I. BACKGROUND AND CLAIMS

Petitioner pleaded guilty to engaging in organized criminal activity, and was sentenced to twelve years' incarceration pursuant to a plea bargain agreement. No direct appeal was taken, and the Texas Court of Criminal Appeals denied state habeas relief.

Petitioner claims in this federal habeas proceeding that the evidence is insufficient to support his guilty plea conviction, and that trial counsel's ineffectiveness resulted in an involuntary guilty plea. Respondent argues that petitioner's claims have no merit.

## II. ANALYSIS

A. <u>Insufficient Evidence</u>

Petitioner argues in his petition that the evidence was insufficient to support his conviction. However, petitioner did not raise this issue on direct appeal. Under Texas law, challenges to the sufficiency of the evidence must be raised on direct appeal, not collateral review. *See Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004) (holding that a sufficiency of the evidence claim is not cognizable on state habeas review). Consequently, petitioner's sufficiency challenge is procedurally barred. *See West v. Johnson*, 92 F.3d 1385, 1398, n.18 (5th Cir. 1996) ("Although the Court of Criminal Appeal's denial of habeas relief stated no reasons, that court, as we have held, has long held that the sufficiency of the evidence may only be raised on direct appeal, and may not be raised on state habeas."). Petitioner neither alleges nor demonstrates cause and prejudice for the default, and respondent is entitled to summary judgment dismissal of the claim.

Regardless, petitioner's allegation affords him no basis for habeas relief. By entering a knowing and voluntary guilty plea, a defendant waives all non-jurisdictional defects in the proceedings preceding the plea. *Smith v. Estelle*, 711 F.2d 677, 682 (1983). This waiver includes claims of no evidence or insufficient evidence in support of the guilty plea conviction. *United States v. Broce*, 488 U.S. 563, 569 (1989). Under federal constitutional law, a voluntary and knowing guilty plea is sufficient evidence, standing alone, to support a conviction. *Smith v. McCotter*, 786 F.2d 697, 702 (5th Cir. 1986). No federal

constitutional issue is raised by the failure of a Texas state court to require evidence of guilt independently corroborating a voluntary plea. *Id. See also Kelley v. Alabama*, 636 F.2d 1082, 1083–84 (5th Cir. 1981) (holding legal sufficiency of the evidence, reviewed under *Jackson v. Virginia*, 443 U.S. 307 (1979), inapplicable to guilty pleas). Moreover, petitioner's written stipulation of the facts alleged in the indictment (Docket Entry No. 22-2, p. 332–34) constitutes sufficient record evidence to support the conviction under state law. *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009).

B.     Ineffective Assistance of Counsel

Petitioner next argues that trial counsel's ineffective assistance rendered his guilty plea involuntary because counsel failed to file pre-trial motions, failed to investigate the case, ignored his statements of innocence, and "bullied him" into taking the plea deal. A voluntary guilty plea waives all non-jurisdictional defects including claims of ineffective assistance of counsel, except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary. *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000). To show that counsel's representation resulted in an involuntary plea, a petitioner must show that his counsel's representation fell below an objective standard of reasonableness and that petitioner was prejudiced as a result of counsel's deficiencies. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985) (noting that *Strickland* applies to cases involving guilty pleas). Under *Hill*, a defendant who pleads guilty can satisfy the prejudice prong of *Strickland* only by alleging and showing that, but for counsel's errors, he would have pleaded not guilty and insisted on

going to trial. 474 U.S. at 59. Petitioner here neither asserts nor shows that, but for counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial. Petitioner fails to meet his burden of proof under *Strickland*.

Regardless, petitioner's claims are unsupported in the record. Petitioner fails to present facts establishing that counsel "bullied" him into pleading guilty, used "bullying tactics," or "ignored his claims of innocence." To the contrary, petitioner explicitly states that counsel "advised" him to plead guilty (Docket Entry No.1, p. 7) and told him it would be "prudent" to enter the plea. *Id.*, p. 13. Moreover, petitioner agreed and initialed his agreement that, "I have freely, knowingly, and voluntarily executed this statement in open court with the consent of and approval of my attorney," (Docket Entry No. 12-2, p. 32), and that, "I am totally satisfied with the representation provided by my counsel and I received effective and competent representation." *Id.* Petitioner fails to present any probative summary judgment evidence establishing that he was "bullied" into pleading guilty, and his conclusory allegation of "bullying tactics" is insufficient to raise a genuine issue of material fact precluding summary judgment. *See Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) ("Although *pro se* habeas petitions must be construed liberally, mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.") (internal quotes omitted). Moreover, petitioner's argument that counsel ignored his claims of innocence was waived by petitioner's entry of the voluntary plea and his execution of the written plea papers

attesting to the voluntary nature of his plea and his satisfaction with counsel's representation. No probative summary judgment evidence is presented in support of this argument.

Nor is petitioner entitled to habeas relief on his claims that counsel failed to file pre-trial motions or undertake investigation of the case. Petitioner fails to identify any pre-trial motions or investigation that should have been undertaken prior to the plea or show that counsel's actions or inactions resulted in an involuntary plea. His conclusory allegations, unsupported in the record or by probative summary judgment evidence, do not warrant habeas relief. *Koch*, 907 F.2d at 530.

The state court rejected petitioner's habeas claims. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of these claims.

### III. CONCLUSION

The motion for summary judgment (Docket Entry No. 11) is **GRANTED** and this case is **DISMISSED WITH PREJUDICE**. All other pending motions are **DENIED AS MOOT**. A certificate of appealability is **DENIED**.

Signed at Houston, Texas, on this the 3rd day of January, 2017

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE